1  RICHARD J. REYNOLDS      STATE BAR NO. 89911
   TURNER, REYNOLDS, GRECO & O'HARA
2  A Law Corporation
   16485 Laguna Canyon Road, Suite 250
3  Irvine, California 92618-3837

4  Telephone:  949 474-6900
   Facsimile:  949 474-6907
5  E-Mail:     rreynolds@trlawyers.com

6  Attorneys for Defendant, MTC FINANCIAL INC., dba TRUSTEE CORPS

7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10        ED  CV  09  -  01807  SGL  CWx

11 ─────────────────────────────────    Case No. _____
   MICHAEL BENJAMIN MORAVEC, RENEE D.
12 MORAVEC,                             San Bernardino Superior Court Case
                                        No. CIVDS 913257
13              Plaintiffs,

14              vs.                      NOTICE OF REMOVAL OF
                                        ACTION UNDER 28 U.S.C.
15 BLUEPRINT MORTGAGE, INC., INDYMAC    § 1441(b) and § 1446 [Federal
   BANK, FSB, a Federally Chartered Savings   Question]
16 Bank, MTC FINANCIAL, INC., dba TRUSTEE
   CORPS, UNITED CAPITAL TITLE
17 INSURANCE COMPANY, MORTGAGE
   ELECTRONIC REGISTRATION  SYSTEMS,
18 INC., a separate corporation acting solely as
   nominee for lender and lender's successors and
19 assigns,  and DOES 1 through 100, inclusive,

20              Defendants.

21 ─────────────────────────────────

22    TO THE CLERK OF THE ABOVE-ENTITLED COURT:

23       PLEASE TAKE NOTICE that Defendant MTC Financial Inc., dba Trustee Corps,

24 hereby removes to this Court the State Court action described below.

25       On September 10, 2009 an action was commenced in the Superior Court of the State

26 of California in and for the County of San Bernardino, entitled MICHAEL BENJAMIN

27 MORAVEC, RENEE D. MORAVEC, Plaintiffs vs. BLUEPRINT MORTGAGE, INC.,

28 INDYMAC BANK, FSB, a Federally Chartered Savings Bank, MTC FINANCIAL, INC.,

1   dba TRUSTEE CORPS. UNITED CAPITAL TITLE INSURANCE COMPANY.

2   MORTGAGE ELECTRONIC REGISTRATION  SYSTEMS. INC.. a separate corporation

3   acting solely as nominee for lender and lender's successors and assigns. and DOES 1

4   through 100, inclusive, Defendants, as Case No. CIVDS913257.  Defendant received a

5   copy of this Complaint on September 22, 2009.  A true and correct copy of that Complaint

6   is attached hereto as Exhibit "A."  A true and correct copy of the Summons is attached

7   hereto as Exhibit "B."

8         This action is a civil action of which this Court has original jurisdiction under 28

9   U.S.C. § 1331, and is one which may be removed to this Court by Defendant pursuant to

10   the provisions of 28 U.S.C. § 1441(b) and 28 U.S.C. § 1446 in that it arises under 15

11   U.S.C. § 1601-1602, and 12 U.S.C. § 2601.

12

13   Dated:  September 22, 2009          **TURNER, REYNOLDS, GRECO & O'HARA**

14

15                         By:

16                         RICHARD J. REYNOLDS

                            Attorneys for Defendant, MTC FINANCIAL

17                             INC., dba TRUSTEE CORPS

18

19

20

21

22

23

24

25

26

27

28

1  MINDY G. KENNEDY ALVAREZ, ESQ. [CSB 218509]
   THE LAW OFFICES OF MINDY G. KENNEDY ALVAREZ,
2  A Professional Law Corporation
   7365 Hellman Avenue
3  Rancho Cucamonga, California 91730
   (909)527-8700
4  (909)527-8714 facsimile

5  Attorney for Plaintiff

6

7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 COUNTY OF SAN BERNARDINO

10

11 MICHAEL BENJAMIN MORAVEC, RENEE      )   CASE NO. CIVDS 913257
   D. MORAVEC,                          )
12                                      )   COMPLAINT FOR DAMAGES:
                       Plaintiff,       )   PRELIMINARY & PERMANENT
13                                      )   INJUNCTIVE RELIEF; UNFAIR &
   vs.                                  )   DECEPTIVE ACTS & PRACTICES;
14 BLUEPRINT MORTGAGE, INC.,            )   CLAIMS FOR UNCONSCIONABILITY
   INDYMAC BANK, FSB, a Federally       )   AND/OR ILLEGALITY; BREACH OF
15 Chartered Savings Bank, MTC          )   CONTRACT; INTENTIONAL MIS-
   FINANCIAL, INC., dba TRUSTEE         )   REPRESENTATION; BREACH OF
16 CORPS, UNITED CAPITAL TITLE          )   COVENANT OF GOOD FAITH & FAIR
   INSURANCE COMPANY, MORTGAGE          )   DEALING; UNJUST ENRICHMENT;
17 ELECTRONIC REGISTRATION SYSTEMS,     )   TRUTH IN LENDING ACT; HOME
   INC., a separate corporation acting)    OWNERSHIP & EQUITY PROTEC-
18 solely as nominee for lender and     )   TION ACT; GENERAL BUSINESS LAW
   lender's successors and assigns,     )   §349; FRAUD; CIVIL CONSPIRACY
19 and DOES  1 through 100, inclusive,)     TO COMMIT FRAUD; REAL ESTATE
                                        )   SETTLEMENT PROTECTION ACT;
20                     Defendants.      )   GENERAL OBLIGATION LAW;
                                        )   VIOLATIONS OF CALIFORNIA
21 _____)   CIVIL CODE SEC. 2923.6;
                                            NOTICE OF PENDENCY OF ACTION
22                                          (FILED CONCURRENTLY HEREWITH)

23

24     Plaintiffs, MICHAEL BENJAMIN MORAVEC and RENEE D. MORAVEC, allege

25 herein as follows:

26                        INTRODUCTION

27     Each year, predatory lending extracts billions of dollars of

28                            -1-

1  wealth from our communities, depriving homeowners of their hard-earned
2  equity and vitiating the promise of financial security that is the
3  cornerstone of homeownership.  Predatory lenders target the equity,
4  and ultimately the homes, of vulnerable homeowners by extending
5  unaffordable loans packed with excessive fees and interest rates.

6      In recent years, predatory lenders have aggressively marketed an
7  array of "exotic" or "non-traditional" loans to vulnerable homeowners.
8  Many of these loans carry deceptively low "teaser" rates and other
9  abusive terms, which obscure the true cost of the loan.  By qualifying
10 the borrower for these loans at the initial rate, despite the
11 borrower's inability to make future payments, lenders almost guarantee
12 that the borrower will default on the loan.  Predatory lenders fuel
13 this process by rewarding mortgage brokers with an incentive structure
14 that pays the broker more through the yield spread premium ("YSP") for
15 steering consumers into loans with higher interest rates than they
16 qualify for and less favorable terms such as prepayment penalties.
17 Lenders are also rewarded through higher interest rates for making so-
18 called stated income loans—loans where the borrower's income is not
19 verified through traditional documentation of income—even where
20 documentation is, in fact, available.  Thus, it is not surprising that
21 the proliferation of predatory loans in the subprime mortgage market
22 is one of the primary causes of the nationwide foreclosure epidemic.

23                    <u>GENERAL ALLEGATIONS</u>

24     1.   Plaintiffs are and at all times relevant have been residents
25 of the County of San Bernardino, State of California and the lawful
26 owners of a parcel of Real Property commonly known as:  14852 Herschel
27 Avenue, Fontana, California 92335.

28

                              -2-

              COMPLAINT FOR DAMAGES          EXHIBIT    A
                                             PAGE

APN: 1107-111-69

Legally described as follows:

Lot 49 of Tract No. 14570, in the City of Fontana, County of San Bernardino, State of California, as shown by map on file in Book 265, Pages 78 through 84 inclusive of maps, in the office of the County Recorder of said County, and as amended by that certain certificate of correction recorded August 31, 1998 as Instrument No. 19980370427, of official records.

Except therefrom all oil, gas, minerals and other hydrocarbon substances lying below the surface of said land, but without the right of surface entry, as reserved or granted in documents of records. (hereinafter "Subject Property")

2.    Plaintiffs purchased the Subject Property on or about April 28, 2006, pursuant to a Note and Deed of Trust, with a loan amount of $460,000.00. Plaintiffs are unable to produce a copy of the Note and Deed of Trust, as copies of these documents were never provided to Plaintiffs.

3.    Plaintiffs thereafter obtained a Second Note and Deed of Trust in the form of a Home Equity Line of Credit (HELOC) on or about July 18, 2006, pursuant to a Note and Deed of Trust, with a loan amount of $50,000.00. Plaintiffs are unable to produce a copy of the Note and Deed of Trust for the Second Mortgage, as copies of these documents were never provided to Plaintiffs.

4.    Defendant Blueprint Mortgage, Inc. (hereinafter "Blueprint"), is, upon information and belief, a dissolved corporation pursuant to the California Secretary of State's website, and performed mortgage brokerage and/or loan origination services pursuant to arrangements made by IndyMac at all times pertinent to the events referenced in this complaint.

5.    Defendant, INDYMAC BANK, FSB (hereinafter "IndyMac"), at all

-3-

EXHIBIT _____ A

PAGE _____ 5

1  times herein relevant is and was a federally chartered savings bank,
2  conducting business in the Sate of California, and is the Lender and
3  Payee under the Promissory Note executed by Plaintiffs, and is the
4  Beneficiary under the Deed of Trust executed by Plaintiffs.

5      6.    Defendant,   UNITED   CAPITAL   TITLE   INSURANCE   COMPANY
6  (hereinafter "United Capital"),  at all times herein relevant is and
7  was a corporation existing by virtue of the laws of the State of
8  California, and is conducting business in the State of California, and
9  is  the  original  Trustee,  under  the  Deed  of  Trust  executed  by
10  Plaintiffs.

11      7.    Defendant,   MTC   FINANCIAL,   INC.,   dba   TRUSTEE   CORPS
12  (hereinafter  "MTC"),  at  all  times  herein  relevant  is  and  was  a
13  corporation existing by virtue of the laws of the State of California,
14  is  conducting  business  in  the  State  of  California,  and  is  the
15  Substitute Trustee, under the Deed of Trust executed by Plaintiffs.

16      8.    Defendant, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
17  (hereinafter  "MERS"),  at  all  times  herein  relevant  is  and  was  a
18  suspended corporation pursuant to the California Secretary of State's
19  website, is conducting business in the State of California, and is the
20  Beneficiary under the Deed of Trust executed by Plaintiffs.

21      9.    Plaintiffs are ignorant of the true names and capacities of
22  Defendants sued herein as DOES 1 through 100, inclusive, and therefore
23  sue these Defendants by such fictitious names.  Plaintiffs will amend
24  their  complaint  to  allege  their  true  names  and  capacities  when
25  ascertained.

26      10.  Plaintiffs are informed and believe, and thereon allege,
27  that at all times herein mentioned each of the Defendants sued herein

28

-4-

EXHIBIT

PAGE

1    was the agent and employee of each of the remaining Defendants and at

2    all times were acting within the purpose and scope of such agency and

3    employment.

4       11.   The initial interest rate on Plaintiffs' loan was 1.800%.

5    This "teaser rate" was valid for only one month.   Thereafter,

6    Plaintiffs' interest rate, as of the date of their first mortgage

7    payment, pursuant to the Truth in Lending Disclosure Statement, would

8    be 7.225%.

9       12.   The loan transaction in question was intended to refinance

10    Plaintiffs' then existing first mortgage with Encore Credit Corp. in

11    the amount of $453,750.00, as indicated in the Lender Closing

12    Instructions.

13       13.   Plaintiffs' loan was a negative Adjustable Rate Mortgage,

14    which meant that Plaintiffs were actually paying monthly payments that

15    were less than the accrued interest.   The unpaid interest was then

16    added to Plaintiffs' principal loan balance.   Once the principal loan

17    balance exceeded 110% of the original loan amount, Plaintiffs' monthly

18    payments more than doubled and Plaintiffs were unable to meet their

19    loan obligations on their first and second mortgages.

20       14.   On or about March 30, 2009, Defendant IndyMac as the current

21    holder of Plaintiffs' loan, through its substitute trustee, Defendant

22    MTC, filed a foreclosure action against the Plaintiffs, alleging that

23    the Plaintiffs are in default in payments under the terms of the March

24    17, 2006 loan contract.   The foreclosure action is filed as CA0837113.

25       15.   Plaintiffs attempted to arrange for a modification of the

26    terms and conditions of the loan, but IndyMac, after indicating that

27    it would work with Plaintiffs to modify the loan, by taking

28

COMPLAINT FOR DAMAGES

EXHIBIT _____

PAGE _____

1   Plaintiffs' file under review on or about June 30, 2009, then declined

2   Plaintiffs' request to extend and/or postpone the Trustee's Sale

3   currently scheduled for September 10, 2009.

4

5                          **FIRST CAUSE OF ACTION**
                **PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF**
6                  **(Against IndyMac and MTC Financial, Inc.)**

7        16.   Plaintiffs reallege and incorporate herein by reference each

8   and every allegation contained in Paragraphs 1 through 15, inclusive,

9   as though fully set forth herein.

10       17.   On information and belief, MTC does not have the right to

11  act pursuant to the power of sale, because it is not an assignee of

12  the mortgagee.

13       18.   Plaintiffs allege that the Substitution of Trustee, served

14  on Plaintiffs, is not executed by IndyMac.  No signature appears on

15  the Substitution of Trustee, except for the Affidavit attached which

16  merely indicates that the Substitution of Trustee was mailed by

17  certified mail to the trustee.

18       19.   On information and belief, the Notice of Trustee's Sale

19  provided to Plaintiffs pursuant to *Cal. Civ. Code* § 2924 et seq. is

20  not valid because at the time it was sent, MTC was not an assignee of

21  the mortgagee and had no power to act on behalf of the mortgagee under

22  the statute.

23       20.   MTC cannot conduct a valid sale of the residence under

24  California Law.

25       21.   Neither MTC, nor any party acting on its behalf, sent a

26  proper notice as required by *Cal. Civ. Code* §2923, et seq.

27       22.   Absent the proper required notice, MTC cannot enforce the

28

                                  -6-

EXHIBIT ____

PAGE ____

1 power of sale.

2     23. MTC's foreclosure, if allowed to proceed, could cause

3 Plaintiffs irreparable harm.

4     24. The balance of hardships tips decidedly in favor of

5 Plaintiffs, because absent injunctive relief, they will lose their

6 home and may lose the right to raise claims and defenses in

7 enforcement of the mortgage as set forth hereunder.

8     25. Preliminary and permanent injunctive relief is consistent

9 with the public interest, because it will prevent a wrongful

10 foreclosure and because it effectuates the purposes of recently

11 enacted statutory law.

12     26. Absent injunctive relief, there is a substantial likelihood

13 that neither IndyMac nor MTC will conform its conduct to the law.

14 <center>**SECOND CAUSE OF ACTION**
**UNFAIR AND DECEPTIVE ACTS AND PRACTICES**</center>

15 <center>**AS DEFINED Cal. Bus.& Prof. Code §§ 17200 et seq.**
**(Against IndyMac)**</center>

16

17     27. Plaintiffs reallege and incorporate herein by reference each

18 and every allegation contained in Paragraphs 1 through 26, inclusive,

19 as though fully set forth herein.

20     28. IndyMac has violated *Cal. Bus. & Prof. Code* § 17200 and its

21 implementing regulations by utilizing terms and business practices

22 that were unlawful, unfair or fraudulent, deceptive, and/or

23 unconscionable. These violations included, without limitation:

24     a. Making a loan on terms that were unfair and deceptive

25 in light of its hidden advantages to IndyMac and its hidden costs to

26 Plaintiffs, including, without limitation, providing a confusing

27 variable rate provision in the loan designed to protect IndyMac if

28

<center>-7-</center>

<center>COMPLAINT FOR DAMAGES</center>

EXHIBIT _____
PAGE _____

1   rates increased from those in place when the loan was made, without
2   providing a benefit to Plaintiffs when rates decline;

3          b.   Offering Plaintiffs a "teaser rate" initial interest
4   rate of 1.800%, which was valid for one (1) month only, and increased
5   to 7.225% beginning with the date of Plaintiffs' first mortgage
6   payment; and

7          c.   Failing to make appropriate disclosures, including,
8   without limitation, disclosing the impact of the negative amortization
9   feature of the loan.

10      29.   IndyMac's conduct was willful and/or intentional within the
11   meaning of § 17206(b) and § 17207(a).

12      30.   Plaintiffs were injured and suffered damages by virtue of
13   these violations.

14                     **THIRD CAUSE OF ACTION**
        **CLAIMS FOR UNCONSCIONABILITY AND/OR ILLEGALITY**
15                    **(Against all Defendants)**

16      31.   Plaintiffs reallege and incorporate herein by reference each
17   and every allegation contained in Paragraphs 1 through 30, inclusive,
18   as though fully set forth herein.

19      32.   Contract terms that violate either a statute or a validly
20   enacted regulation are void as against public policy.

21      33.   Contract terms that violate either a statute or a validly
22   enacted regulation are unconscionable and unenforceable.

23      34.   Plaintiffs are entitled to relief from the unconscionable
24   and/or illegal contract terms, including, but not limited to,
25   cancellation of the loan contract and/or cancellation of the Trustee's
26   Sale.

27   ///

28
                              -8-

                      COMPLAINT FOR DAMAGES

                                        EXHIBIT _____ A
                                        PAGE _____ 10

**FOURTH CAUSE OF ACTION**
BREACH OF CONTRACT
(Against IndyMac and Blueprint)

35.   Plaintiffs reallege and incorporate herein by reference each and every allegation contained in Paragraphs 1 through 34, inclusive, as though fully set forth herein.

36.   IndyMac, offered Plaintiffs different terms in its oral and written disclosures than the ones it offered at closing.

37.   To the extent that IndyMac offered terms to Plaintiffs prior to closing, IndyMac formed contracts with Plaintiffs to provide those promises.

38.   Promised terms included, without limitation: lower monthly payments and a better interest rate.

39.   By delivering different terms at closing than the ones initially promised, IndyMac breached its contract with Plaintiffs.

40.   IndyMac's conduct caused Plaintiffs irreparable harm including, without limitation, increasing the amount of monthly payments owed to unaffordable levels thereby putting them at imminent risk of foreclosure.

41.   IndyMac's conduct increased the cost of the loan to Plaintiffs.

42.   Plaintiffs are therefore entitled to damages and equitable remedies for IndyMac's breach of the loan contract.

**FIFTH CAUSE OF ACTION**
INTENTIONAL MISREPRESENTATION
(Against IndyMac and Blueprint)

43.   Plaintiffs reallege and incorporate herein by reference each and every allegation contained in Paragraphs 1 through 42, inclusive, as though fully set forth herein.

-9-

EXHIBIT___A___
PAGE___11___

1     44. IndyMac made misrepresentations to Plaintiffs, upon which

2 Plaintiffs relied to their detriment.

3     45. IndyMac's misrepresentations included, without limitation:

4     a. making preliminary oral and written disclosures

5 pertaining to the settlement charges of the loan and;

6     b. promising that the new loan would lower Plaintiffs'

7 monthly payments.

8     46. IndyMac made these misrepresentations to induce Plaintiffs

9 to enter into refinancing agreements with them.

10     47. IndyMac's practices caused Plaintiffs harm including,

11 without limitation, increasing the amount of monthly payments owed to

12 an unaffordable level thereby putting Plaintiffs at imminent risk of

13 foreclosure.

14     48. Plaintiffs are entitled to damages and equitable remedies

15 for IndyMac's intentional misrepresentations.

16 <div align="center">**SIXTH CAUSE OF ACTION**
**BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

17 **(Against IndyMac)**</div>

18     49. Plaintiffs reallege and incorporate herein by reference each

19 and every allegation contained in Paragraphs 1 through 48, inclusive,

20 as though fully set forth herein.

21     50. The contracts between Plaintiffs and IndyMac included a duty

22 of good faith and fair dealing. Pursuant to an implied covenant in

23 the subject contracts, IndyMac had a duty not to do anything which

24 would deprive Plaintiffs of the benefits of those contracts, and had

25 a duty to do everything that the contracts presupposed each of the

26 parties would do to accomplish the purpose or purposes of the subject

27 contracts.

28

<div align="center">-10-</div>

---

<div align="center">COMPLAINT FOR DAMAGES</div>

EXHIBIT _____ A

PAGE _____ 12

51.   IndyMac acted in breach of the implied covenant of good faith and fair dealing, and its duties thereunder, when it offered terms to Plaintiffs prior to closing, and failed to provide those proposed terms.

52.   As a result of IndyMac's wrongful conduct, Plaintiffs have suffered and continues to suffer economic losses and other damages.

### SEVENTH CAUSE OF ACTION
### UNJUST ENRICHMENT
### (Against IndyMac)

53.   Plaintiffs reallege and incorporate herein by reference each and every allegation contained in Paragraphs 1 through 52, inclusive, as though fully set forth herein.

54.   By their wrongful acts and omissions, including, but not limited to, making predatory and unfair mortgage loans described herein, IndyMac has been unjustly enriched at the expense of Plaintiffs, and thus Plaintiffs have been unjustly deprived.

55.   By reason of the foregoing, Plaintiffs seek restitution from IndyMac, and an order of this Court disgorging all profits, benefits, and other compensation obtained by IndyMac from its wrongful conduct.

### EIGHTH CAUSE OF ACTION
### TRUTH IN LENDING ACT
### (Against Indymac)

56.   Plaintiffs reallege and incorporate herein by reference each and every allegation contained in Paragraphs 1 through 55, inclusive, as though fully set forth herein.

57.   At the time of the subject transaction, Defendant IndyMac acted as a creditor who regularly engaged in the making of mortgage loans, payable by agreement, in more than four (4) installments or for which the payment of a finance charge is or may be required, whether

-11-

EXHIBIT ___A___
PAGE ___13___

1   in connection with loans, sales of property or services, or otherwise.
2   Accordingly, Defendant is subject to the Truth in Lending Act
3   ("TILA"), 15 U.S.C. §1601 et seq., and its implementing regulations,
4   Federal Reserve Board Regulation Z, 12 C.F.R. §226.

5       58.   As a result of the subject transaction, Defendants acquired
6   an interest in Plaintiffs' primary dwelling that secures payment or
7   performance of an obligation.

8       59.   Plaintiffs are informed and believe, and thereon allege,
9   that in the course of this consumer credit transaction, Defendants
10  violated the disclosure and rescission requirements of TILA and
11  Regulation Z by failing to provide two (2) copies of the notice of the
12  right to rescind and an accurate date for the expiration of the
13  rescission period, in violation of 15 U.S.C. §1635 and 12 C.F.R.
14  §226.23(b).

15      60.   In the course of this consumer credit transaction, because
16  of conflicting representations, Defendants failed to make required
17  disclosures clearly and conspicuously in writing in violation of 15
18  U.S.C. §1632(a) and Regulation Z §226.17(a) and therefore failed to
19  deliver all "material" disclosures as required by the Act and
20  Regulation Z, including the following:

21          a.   failing to disclose properly and accurately the
22               "amount financed," in violation of 15 U.S.C.
23               §1638(a)(2) and 12 C.F.R. §226.18;

24          b.   failing to disclose properly and accurately the
25               "finance charge," in violation of 15 U.S.C.
26               §1638(a)(3) and 12 C.F.R §226.18;

27          c.   failing to disclose properly and accurately the

28                              -12-

EXHIBIT _____ A

PAGE _____ 15

"annual percentage rate," in violation of 15 U.S.C.
§1638(a)(4) and 12 C.F.R. §226.18;

    d.   failing to disclose properly and accurately the "total payments," in violation of 15 U.S.C. §1632(a)(5) and 12 C.F.R. §226.18(h); and

    e.   failing to disclose properly and accurately the number, amount, and due dates or period of payments scheduled to repay the obligation, in violation of 15 U.S.C. §1638(a)(6) and 12 C.F.R. §226.18(g).

61. The TILA violations described at paragraphs 59 and 60 above give Plaintiffs an extended right to rescind the loan held by Defendants pursuant to 15 U.S.C. §1635 and 12 C.F.R. §226.23. Plaintiffs are also entitled to an extended right of rescission against any assignees of the loan pursuant to 15 U.S.C. §1641(c).

62. Any assignees of the loan are liable for all of the above claims that Plaintiffs assert against IndyMac pursuant to 15 U.S.C. §1641(d).

63. On information and belief, Defendants also violated the disclosure requirements of TILA and Regulation Z by failing to provide either an itemization of the amount financed, a qualified substitution for the itemization of the amount financed, or a statement that Plaintiffs had a right to request such an itemization, in violation of 15 U.S.C. §1638(a)(2)(B) and 12 C.F.R. §226.18(c).

64. As a result of the aforesaid violations of TILA and Regulation Z, IndyMac and any assignees are liable to Plaintiffs for:

    a.   the return of any money or property that has been given to anyone in connection with the transaction and

-13-

EXHIBIT _____ A
PAGE _____ 15

1  the termination of Defendant's security interest in
2  the property;
3      b.   actual damages in an amount to be determined at trial;
4      c.   statutory damages as provided by 15 U.S.C. §1640;
5      d.   costs and disbursements; and
6      e.   attorney's fees to Mindy G. Kennedy Alvarez, Esq.

7
8

<center>

**NINTH CAUSE OF ACTION**
**HOME OWNERSHIP AND EQUITY PROTECTION ACT**
**(Against IndyMac)**

</center>

9     65.   Plaintiffs reallege and incorporate herein by reference each
10  and every allegation contained in Paragraphs 1 through 64, inclusive,
11  as though fully set forth herein.

12     66.   The Home Ownership and Equity Protection Act ("HOEPA"), 15
13  U.S.C. §1639, is an amendment to TILA and offers further protection
14  for high rate mortgages, as defined by 15 U.S.C. §1602(aa)(1)(B)(I),
15  Federal Reserve Board Regulation Z, C.F.R. §226.32

16     67.   A mortgage that is a credit transaction secured by the
17  consumer's principal dwelling and whose "total points and fees" exceed
18  eight percent (8%) of the total loan amount is a high rate mortgage
19  within the meaning of the HOEPA. 15 U.S.C. §1602(aa)(1)(B)(I).

20     68.   The subject consumer credit transaction between Plaintiffs
21  and IndyMac was secured by Plaintiffs' principal dwelling.

22     69.   On information and belief, the subject loan transaction
23  between Plaintiffs and IndyMac is subject to HOEPA because, among
24  other things, the total points and fees payable by Plaintiffs exceed
25  eight percent (8%) of the total loan amount.

26     70.   IndyMac violated HOEPA and Regulation Z by:
27      a.   failing to provide Plaintiffs with the disclosures
28

<center>-14-</center>

---



required under HOEPA at least three (3) business days prior to the consummation of the transaction, in violation of 15 U.S.C. §1639(a) and (b) and 12 C.F.R. §226.32(c);

    b.   providing Plaintiffs with a loan that contains a prepayment penalty, in violation of 15 U.S.C. §1639(c) and 12 C.F.R. §226.32(d)(6);

    c.   providing Plaintiffs with a loan that contains negative amortization terms, in violation of 15 U.S.C. §1639(f) and 12 C.F.R. §226.32(d)(2); and

    d.   extending credit without regard to Plaintiffs' ability to pay the debt, in violation of 15 U.S.C. §1639(h) and 12 C.F.R. §226.349(a)(4).

71. IndyMac's violations of HOEPA and Regulation Z give Plaintiffs a statutory right to rescind the IndyMac loan pursuant to 15 U.S.C. §1635 and 1639(j) and 12 C.F.R. §226.23.

72. Any assignees of the loan are liable for all claims that Plaintiffs assert against IndyMac pursuant to 15 U.S.C. §1641(d).

73. As a result of the aforesaid violations of HOEPA and Regulation Z, IndyMac, and any assignees, are liable to Plaintiffs for:

    a.   rescission of the mortgage loan transaction, termination of any interest created under the transaction, and return of any money or property given by IndyMac to anyone in connection with this transaction;

    b.   actual damages in an amount to be determined at trial;

-15-

EXHIBIT _____ A

PAGE _____ 12

1       c.    statutory damages as provided by 15 U.S.C. §1640;

2       d.    costs and disbursements; and

3       e.    attorney's fees to Mindy G. Kennedy Alvarez, Esq.

### TENTH CAUSE OF ACTION
### GENERAL BUSINESS LAW §349 ("DECEPTIVE PRACTICES ACT")
### (Against IndyMac)

74.    Plaintiffs reallege and incorporate herein by reference each and every allegation contained in Paragraphs 1 through 73, inclusive, as though fully set forth herein.

75.    Defendant's loan closing documents, including those used to close Plaintiffs' mortgage, do not accurately and simply disclose the terms of the mortgage, including the interest rate and payment amounts, willfully and maliciously deceiving and misleading customers in violation of the Deceptive Practices Act, General Business Law §349 ("§349").

76.    Under the pick-a-payment scheme in Plaintiffs' IndyMac mortgage, if Plaintiffs were to pay only the interest on the mortgage, their payments would initially have been $2,865.11, more than one half of their monthly net income, as reported on their loan application. For the monthly mortgage payment to cover the interest and principal amount owed — as their prior loan did — they would have had to pay initially $3,338.90, also more than their net monthly income.   By choosing the "minimum payment" option, Plaintiffs' payments did not pay the interest owed on the loan every month and resulted in an increase in the principal amount each month.   On information and belief, if Plaintiffs continue to make the "minimum payment," the principal amount will grow until February 1, 2010, when it will be more than $510,207.00 (over $53,000.00 more than they originally

-16-

EXHIBIT ___A___
PAGE ___18___

borrowed) reaching the 110% principal cap. When the principal cap is reached, the new minimum monthly payments increased to over $3,537.74 a month. In addition, the mortgage's significant three-year prepayment penalty would add, at the time of the reset in June, 2007, over $13,301.58 to the principal balance if Plaintiffs attempted to refinance. The increased principal balance from the negative amortization and the prepayment penalty make it highly unlikely that Plaintiffs could refinance their mortgage to avoid the payment shock.

77. Because the prepayment penalty is computed as six (6) months' interest on the principal balance, and because, unlike a traditional loan, the principal balance of the subject loan increases with each payment made, the penalty that Plaintiffs would have to pay if they were to refinance this loan within three (3) years of origination increases over time. In other words, if Plaintiffs had refinanced on June 1, 2007, they would have had to pay a penalty of approximately $13,301.58; if Plaintiffs were to refinance on June 1, 2008, they would have to pay a penalty of more than $14,369.91; in May, 2009, the penalty increases to more than $14,644.80. The continually increasing prepayment penalty further demonstrates the unfair and deceptive nature of the loan and its unsuitability for Plaintiffs.

78. Upon information and belief, the YSP paid by IndyMac to Blueprint was excessive and was unrelated to any service or benefit provided to Plaintiffs. On the contrary, on information and belief, this fee was paid to Blueprint as a reward for inducing Plaintiffs to sign a loan on such detrimental terms. On information and belief, the YSP structure created by IndyMac resulted in Plaintiffs being steered

-17-

EXHIBIT _____ A
PAGE _____ 19

1  into a loan that was much more costly than other loans they should
2  have qualified for.  On information and belief, although Plaintiffs
3  provided documentation of their income, Defendant placed Plaintiffs
4  into a higher interest rate "stated income" loan.

5      79.  Defendant knew, or should have known, that Plaintiffs could
6  not afford to make the payments on the loan necessary to pay the
7  interest, or interest and principal, on the loan, or sustain the
8  minimum payments after June 1, 2008.

9      80.  Defendant's making of a mortgage loan to Plaintiffs that
10 Defendant knew they could not repay willfully and maliciously deceived
11 and misled consumers, specifically Plaintiffs, violating §349.

12     81.  Defendant's lending to Plaintiffs without consideration of
13 their ability to repay the mortgage constitutes an unfair, misleading,
14 and deceptive trade practice under §349.

15     82.  Defendant's willful and malicious steering of Plaintiffs
16 into a loan with grossly unfavorable terms based on YSP incentives
17 constitutes an unfair, misleading, and deceptive trade practice under
18 §349.

19     83.  Defendant's willful and malicious steering of Plaintiffs
20 into a stated income loan with a higher interest rate, despite the
21 fact that they provided documentation of income, constitutes an
22 unfair, misleading, and deceptive trade practice under §349.

23     84.  Defendant repeatedly misrepresented the essential terms, and
24 therefore the cost, of the loan to Plaintiffs, deceiving them into
25 believing that the interest rate was much lower than it was, that
26 their monthly payments would cover much more of the interest than they
27 do, and that they would be able to refinance the loan without
28

-18-

EXHIBIT _____
PAGE ___20___

1  incurring any cost after one year.  Many of the misrepresentations
2  constituted violations of the requirement that disclosures made
3  pursuant to TILA be "clear and conspicuous," rendering those and any
4  other disclosures inoperative and depriving Plaintiffs of the crucial
5  information that TILA is meant to secure for borrowers.  Accordingly,
6  Defendant's willful and malicious misrepresentations and lack of clear
7  and conspicuous disclosure constitute an unfair and deceptive trade
8  practice under §349.

9       85.   As authorized by §349(h), Plaintiffs seek an order from this
10 Court enjoining IndyMac from the unlawful actions and practices under
11 the Deceptive Practices Act described in paragraphs 74 through 84.

12      86.   As a result of its violations of the Deceptive Practices
13 Act, IndyMac is liable to Plaintiffs for:

14            a.    actual damages;

15            b.    statutory damages as provided by §349(h);

16            c.    treble damages as provided by §349(h);

17            d.    costs and disbursements; and

18            e.    attorney's fees to Mindy G. Kennedy Alvarez, Esq.

19                        **ELEVENTH CAUSE OF ACTION**
                                  **FRAUD**
20                          **(Against IndyMac)**

21      87.   Plaintiffs reallege and incorporate herein by reference each
22 and every allegation contained in Paragraphs 1 through 86, inclusive,
23 as though fully set forth herein.

24      88.   Defendant fraudulently, intentionally, and knowingly induced
25 Plaintiffs to enter into the subject mortgage by misrepresenting
26 and/or failing to provide material information, including the
27 following:

28

                                   -19-

                          COMPLAINT FOR DAMAGES

                                          EXHIBIT ___ A
                                          PAGE ___ 21

a. misrepresenting to Plaintiffs that the annual interest rate on the subject mortgage was 1.80% for one (1) year;

b. misrepresenting to Plaintiffs that twelve (12) monthly payments of $1,654.61 would cover the interest on the loan;

c. misrepresenting to Plaintiffs that they would easily refinance after one (1) year, when in fact, doing so would cause them to incur a prepayment penalty;

d. misrepresenting to Plaintiffs that IndyMac would be the originating lender;

e. misrepresenting to Plaintiffs that the fees payable from the proceeds of the mortgage were bona fide and reasonable and necessary for the extension of credit;

f. misrepresenting to Plaintiffs that they did not need the assistance of counsel;

g. misrepresenting to Plaintiffs that the subject loan would provide them with a benefit; and

h. misrepresenting to Plaintiffs that they could afford the subject loan.

89. As a result of the aforesaid fraud, the mortgage loan transaction should be declared void, and the security interest created under the transaction should be terminated. In addition, Defendant is liable to Plaintiffs for:

a. actual damages;

b. punitive damages;

c. costs and disbursements; and

-20-

COMPLAINT FOR DAMAGES

EXHIBIT ___A___

PAGE ___22___

1        d.   attorney's fees to Mindy G. Kennedy Alvarez, Esq.

2                    TWELFTH CAUSE OF ACTION
                CIVIL CONSPIRACY TO COMMIT FRAUD
3                   (Against all Defendants)

4        90.   Plaintiffs reallege and incorporate herein by reference each

5    and every allegation contained in Paragraphs 1 through 89, inclusive,

6    as though fully set forth herein.

7        91.   Defendants   knowingly   entered   into   an   agreement   to

8    fraudulently induce Plaintiffs to enter into the subject mortgage.

9        92.   Defendants   intentionally,   knowingly   and   willfully

10   participated in this scheme by committing overt acts and making

11   misrepresentations and/or failing to provide material information, in

12   furtherance of the agreement, including, but not limited to, those

13   representations as set forth in paragraph 88 above.

14       93.   Through their unlawful conduct, constituting a civil

15   conspiracy to defraud vulnerable, homeowners, Defendants acted in a

16   malicious, willful, wanton, and oppressive fashion, in reckless

17   disregard of Plaintiffs' rights.

18       94.   Plaintiffs suffered serious injury as the proximate result

19   of their reliance on Defendant's misrepresentations and omissions.

20       95.   As a result of the aforesaid conspiracy to commit fraud, the

21   mortgage transaction should be declared void, and the security

22   interest created under the transaction should be terminated.   In

23   addition, Defendant is liable to Plaintiffs for:

24        a.   actual damages;

25        b.   punitive damages;

26        c.   costs and disbursements; and

27        d.   attorney's fees to Mindy G. Kennedy Alvarez, Esq.

28
                              -21-

1

THIRTEENTH CAUSE OF ACTION
REAL ESTATE SETTLEMENT PROCEDURES ACT
(Against IndyMac and Blueprint)

2

3      96.   Plaintiffs reallege and incorporate herein by reference each

4   and every allegation contained in Paragraphs 1 through 95, inclusive,

5   as though fully set forth herein.

6      97.   The IndyMac mortgage is a "federally regulated mortgage

7   loan" as defined in 12 U.S.C. §2602(1), and therefore is subject to

8   the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §2601

9   *et seq.*

10     98.   Defendants IndyMac and Blueprint violated RESPA with respect

11  to Plaintiffs' loan transaction by:

12            a.   giving or accepting kickbacks or other things of value

13                 in violation of 12 U.S.C. §2607(a) and 24 C.F.R.

14                 §3500.14(b); and

15            b.   giving a portion, split, or percentage of charges made

16                 or received for the rendering of a real estate

17                 settlement service in connection with a transaction

18                 involving a federally related mortgage loan other than

19                 for services actually performed, in violation of 12

20                 U.S.C. §2607(b) and 24 C.F.R. §3500.14(c).

21     99.   Among other things, no goods or facilities were furnished,

22  nor were any services performed in exchange for the $700.00 "Funding

23  Fee", the $200.00 "Recording Fee" and the $13,800.00 Brokers

24  Compensation (paid by lender POC) - "POC" means "paid outside of

25  closing", the equivalent of a "yield spread premium", listed on the

26  March 17, 2006 Good Faith Estimate.   Furthermore, even if goods,

27  facilities or services were provided, their value was not reasonably

28

-22-

EXHIBIT

PAGE  24

1 | related to the payments.

2 | 100. Therefore, Blueprint and IndyMac are liable to Plaintiffs
3 | for:

4 |     a.   actual damages, trebled under 12 U.S.C. §2607(d)(2);

5 |     b.   costs and disbursements; and

6 |     c.   attorney's fees to Mindy G. Kennedy Alvarez, Esq.

7 |
8 | **FOURTEENTH CAUSE OF ACTION**
**GENERAL OBLIGATIONS LAW §5-501**
**(Against IndyMac and Blueprint)**

9 | 101. Plaintiffs reallege and incorporate herein by reference each
10 | and every allegation contained in Paragraphs 1 through 100, inclusive,
11 | as though fully set forth herein.

12 | 102. The subject loan is secured by an interest in real property
13 | improved by a one-family residence occupied by the owner, and the
14 | interest rate charged on that loan exceeds six (6) percent per annum.

15 | 103. The prepayment penalty imposed on the subject loan has a
16 | term of three (3) years, in violation of §5-501(3)(b).

17 | 104. As a result of the aforesaid violation, the mortgage
18 | transaction should be declared void, and the security interest created
19 | under the transaction should be terminated, pursuant to §5-511.

20 |
21 | **FIFTEENTH CAUSE OF ACTION**
**VIOLATIONS OF CALIFORNIA CIVIL CODE SECTION 2923.6**
**(Against IndyMac)**

22 | 105. Plaintiffs reallege and incorporate herein by reference each
23 | and every allegation contained in Paragraphs 1 through 104, inclusive,
24 | as though fully set forth herein.

25 | 106. Defendants' Pooling and Servicing Agreement (hereinafter
26 | "PSA") contains a duty to maximize net present value to its investors
27 | and related parties.

28 |

-23-

1   107. California Civil Code Section 2923.6 broadens and extends
2   their PSA duty by requiring servicers to accept loan modifications
3   with borrowers.

4   108. Pursuant to California Civil Code Section 2923.6(a), a
5   servicer acts in the best interest of all parties if it agrees to or
6   implements a loan modification where the (1) loan is in payment
7   default, and (2) anticipated recovery under the loan modification or
8   workout plan exceeds the anticipated recovery through foreclosure on
9   a net present value basis.

10   109. California Civil Code Section 2923.6(b) now provides that
11   the mortgagee, beneficiary, or authorized agent offer the borrower a
12   loan modification or workout plan if such a modification or plan is
13   consistent with its contractual or other authority.

14   110. Plaintiffs' loan is presently in an uncertain state.

15   111. Plaintiffs are willing, able, and ready to execute a
16   modification of their loan on the following terms:

17       (a)  New Principle Loan Amount:    $325,000.00
18       (b)  New Interest Rate:            4.00%
19       (c)  New Loan Length:              30 years
20       (d)  New Payment:                  $1,551.60

21   112. The present fair market value of the property is
22   $265,000.00.

23   113. The Joint Economic Committee of Congress estimated in June
24   2007, that the average foreclosure results in $77,935.00 in costs to
25   the homeowner, lender, local government, and neighbors.

26   114. Of the $77,935.00 in foreclosure costs, the Joint Economic
27   Committee of Congress estimates that the lender will suffer $50,000.00

28

-24-



EXHIBIT _____

PAGE _____ 26

1 | in costs in conduction a non-judicial foreclosure on the property,
2 | maintaining, rehabilitation, insuring and reselling the property to
3 | a third party.  Freddie Mac places their loss higher at $58,759.00.

4 | 115. The monies through loan modification on a net present value
5 | basis is greater than the defendants will recover through foreclosure.

6 | 116. The recovery under the proposed loan modification at
7 | $325,000.00 exceeds the net present recovery through foreclosure of
8 | $215,000.00 by over $110,000.00.

9 | 117. Pursuant to California Civil Code Section 2823.6, Defendants
10 | are now contractually bound to accept the loan modification as
11 | provided above.

12 | WHEREFORE, in light of the foregoing, Plaintiffs respectfully
13 | request that this Court:

14 | a. rescind the underlying loan transaction and terminate
15 | any security interest in Plaintiffs' property created
16 | under the transaction;

17 | b. enjoin enforcement of the mortgage and note and
18 | declare the mortgage and note unenforceable;

19 | c. award actual damages in an amount to be determined at
20 | trial;

21 | d. award statutory damages;

22 | e. award punitive damages in an amount to be determined
23 | at trial;

24 | f. award liquidated damages;

25 | g. award attorney's fees;

26 | h. award reasonable costs of this action;

27 | i. enjoin Defendants from engaging in deceptive acts and

28 |

-25-

1            practices that affect consumers in California State

2            under *Business and Professions Code Section 17200,* et

3            *seq.;*

4       j.   declare the mortgage void, and terminate the security

5            interest pursuant to §5-511; and

6       k.   award such other and further relief as this Court

7            deems just and proper.

8     In the alternative, Plaintiffs request a modification of the

9 existing terms and conditions of Plaintiffs' loan as stated above with

10 reasonable attorney's fees and costs of suit herein.

11     Dated this 10th day of September, 2009, at Rancho Cucamonga,

12 California.

13                    THE LAW OFFICES OF MINDY G. KENNEDY ALVAREZ,

                    A Professional Law Corporation

14

15                     By:

16                     MINDY G. KENNEDY ALVAREZ, ESQ.

                    Attorney for Plaintiffs

17

18

19

20

21

22

23

24

25

26

27

28

                    -26-

EXHIBIT _____

PAGE _____

MINDY G. KENNEDY ALVAREZ (SB# 218509)
1
THE LAW OFFICES OF MINDY G. KENNEDY ALVAREZ,
A Professional Law Corporation
2
7365 Hellman Avenue
3
Rancho Cucamonga, California 91730
TELEPHONE (909) 527-8700
4
FAX (909) 527-8714

5

6
Attorney for Plaintiffs, MICHAEL BENJAMIN MORAVEC and RENEE D. MORAVEC
7

8
## SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
## COUNTY OF SAN BERNARDINO CENTRAL DISTRICT

10

| | | |
|---|---|---|
| 11 | MICHAEL BENJAMIN MORAVEC, ) RENEE D. MORAVEC ) | Case No.: CIVDS 9 1 3 2 5 7 |
| 12 | Plaintiffs, ) | NOTICE OF PENDENCY OF ACTION |
| 13 | ) vs ) | (CCP Section 405 et seq.) |
| 14 | ) ) | |
| 15 | BLUEPRINT MORTGAGE, INC.; INDYMAC ) BANK, FSB, a Federally Chartered Savings ) | |
| 16 | Bank; MTC FINANCIAL, INC., dba TRUSTEE ) CORPS.; UNITED CAPITAL TITLE ) | |
| 17 | INSURANCE COMPANY; MORTGAGE ) ELECTRONIC REGISTRATION SYSTEMS, ) | |
| 18 | INC., a separate corporation acting solely as ) nominee for lender and lender's successors and ) | |
| 19 | assigns; and DOES 1 through 100, inclusive ) ) | |
| 20 | ) Defendants. ) | |
| 21 | ) | |

22   NOTICE IS HEREBY GIVEN that the above action concerning and affecting real property

23   as herein described was commenced on September 10, 2009, in the above-entitled court by

24   Plaintiff, MICHAEL BENJAMIN MORAVEC and RENEE D. MORAVEC against

25   Defendants.

26   The action affects the title to real property situated in the City of Fontana, County of San

27   Bernardino, State of California and is described as follows:

28   //

LOT 49 OF TRACT NO. 14570, IN THE CITY OF FONTANA, COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA, AS SHOWN BY MAP ON FILE IN BOOK 265, PAGES 78 THROUGH 84 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, AND AS AMENDED BY THAT CERTAIN CERTIFICATE OF CORRECTION RECORDED AUGUST 31, 1998 AS INSTRUMENT NO. 19980370427, OF OFFICIAL RECORDS.

(APN: 1107-111-69-0-000)

The real property is commonly known as: 14852 HERSCHEL AVE., FONTANA, CA 92336

    The object of Plaintiff's action is to have Defendant's non-judicial foreclosure action enjoined and bring Affirmative causes of action against all defendants for their predatory lending practices.

DATED:  September 10, 2009

                        _____
                        MINDY G. KENNEDY ALVAREZ,
                        Attorney for Plaintiff

***NOTICE OF PENDENCY OF ACTION***

2

EXHIBIT _____ A
PAGE _____ 30

**SUMMONS**
*(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

SEP 1 0 2009

By _Edmond G. Castro_
Deputy

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*

PLEASE SEE ATTACHMENT

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MICHAEL BENJAMIN MORAVEC, RENEE D. MORAVEC

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* CENTRAL DISTRICT

303 W. THIRD STREET
SAN BERNARDINO, CA 92415

CASE NUMBER:
*(Número del Caso):*
CIVDS 9 1 3 2 5 7

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
MINDY G. KENNEDY ALVAREZ, 7365 HELLMAN AVE., R. CUCAMONGA, CA 91730 909-527-8700

DATE: SEP 1 0 2009
*(Fecha)*

Clerk, by EDMOND CASTRO , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [✓] on behalf of *(specify):* MTC financial

under: [✓] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*
4. [✓] by personal delivery on *(date):* 9-22-09

[SEAL] COPY

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

Page 1 of 1

EXHIBIT
PAGE 31

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| MORAVEC V. BLUEPRINT MORTGAGE, INC., ET AL. | CV08 9 1 3 2 5 7 |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[ ] Plaintiff   [✓] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

BLUEPRINT MORTGAGE, INC.; INDYMAC BANK, FSB, a Federally Chartered Savings Bank; MTC FINANCIAL, INC., dba TRUSTEE CORPS; UNITED CAPITAL TITLE INSURANCE COMPANY; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a separate corporation acting solely as nominee for lender and lender's successors and assigns, and DOES 1 through 100, Inclusive,

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

American LegalNet, Inc.
www.FormsWorkflow.com

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen G. Larson and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

## EDCV09- 1807 SGL (CWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=============================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs)*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [X] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you

---

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) <br> MICHAEL BENJAMIN MORAVEC, RENEE D MORAVEC | DEFENDANTS <br> BLUEPRINT MORTGAGE, INC., INDYMAC BANK, FSB, a Federally Charte FINANCIAL, INC., dba TRUSTEE CORPS, UNITED CAPITAL TITLE INSUI MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC , a separate solely as nominee for lender and lender's successors and assigns, and DOES inclusive, |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number If you are representing yourself, provide same ) <br> MINDY G. KENNEDY ALVAREZ <br> 7365 Hellman Avenue <br> Rancho Cucamonga, CA 91730 <br> 909 527-8700 / 909-527-8714 | Attorneys (If Known) <br> RICHARD J. REYNOLDS (89911) / ELIZABETH L DOLAN (241376) <br> TURNER REYNOLDS GRECO & O'HARA <br> 16485 Laguna Canyon Rd #250 <br> Irvine, CA 92618 <br> Tel: 949 474-6900 / Fax: 949 474-6907 <br> E-mail: rreynolds@trlawyers com; edolan@trlawyers com |

**II. BASIS OF JURISDICTION** (Place an X in one box only)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U S Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only)

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☐ No      ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause Do not cite jurisdictional statutes unless diversity )
15 USC §1601; 15 USC §1602; 12 CFR §226; 12 USC §2601 - Truth in Lending and RESPA

**VII. NATURE OF SUIT** (Place an X in one box only)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☒ 371 Truth in Lending | | ☐ 720 Labor/Mgmt Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 462 Naturalization Application | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 465 Other Immigration Actions | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info Act | ☐ 220 Foreclosure | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

FOR OFFICE USE ONLY: Case Number:    ED CV 09 - 01807 SGL   CWx

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a).  IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No   ☐ Yes
If yes, list case number(s): _____

VIII(b).  RELATED CASES:  Have any cases been previously filed in this court that are related to the present case?  ☒ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

IX. VENUE:  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐    Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐    Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange (MTC Financial Inc.) | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
      Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date _September 22, 2009_

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969 (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended  (42 U.S.C. (g)) |